IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| WACHOVIA BANK, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:07-CV-1097-WC |
| | ) |
| 5300 PEACHTREE LP, et al.,, | ) |
| | ) |
| Defendants. | ) |

### ANSWER OF FRED BENNETT

COMES NOW one of the Defendants, Fred Bennett, and for his Answer to the Complaint sets forth as follows:

1. Admitted.

2. Admitted.

2a. Admitted.

2b. Unknown, therefore denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9.      Admitted to the extent that a true and correct copy of the Third Loan Agreement Modification is attached to the Complaint as Exhibit B.  The document, including all of its terms, will speak for itself.

10.     Admitted to the extent that a Promissory Note was executed by 5300 Peachtree LP and that a true and correct copy is affixed to the Complaint as Exhibit C.  The document will speak for itself with respect to its terms and obligations.

11.     Admitted to the extent that a Third Note Modification Agreement was executed and that a true and correct copy is affixed to the Complaint as Exhibit D.  Its terms will speak for itself.

12.     Admitted to the extent that the identified instruments contained, amongst many other terms, a provision for the recovery of attorneys' fees, costs and expenses.

13.     Admitted to the extent that Bennett executed a Guaranty, a true and correct copy of which is affixed to the Complaint as Exhibit E.  Denied in other respects.

14.     Admitted to the extent that Exhibit E contains, amongst many other terms, provisions relating to the recovery of costs, expenses, and attorneys' fees.

15.     Denied.

16.     Denied.  This Defendant acknowledges that a demand letter was written and that Exhibit F constitutes a correct copy of such demand letter.

17.     Denied.

18.     Denied as phrased.

19.     See responses set forth herein above as if fully set forth herein.

20.     Denied.

21. Admitted to the extent that Borrower has not paid monies, but denied in all other respects.

22. See responses set forth herein above as if fully set forth herein.

23. Denied.

24. Admitted to the extent that Bennett has not paid monies to Wachovia, but denied in all other respects.

25. See responses set forth herein above as if fully set forth herein.

26. This Defendant acknowledges that the instruments involved provide for the recovery of attorneys' fees under certain circumstances.

27. Admitted.

28. The document will speak for itself. This Defendant denies that any attorneys' fees are recoverable.

## FIRST AFFIRMATIVE DEFENSE

29. This Defendant avers that Wachovia Bank breached the terms of the Construction Loan Agreement, and amendments thereto, as well as the Promissory Note and amendments or modifications thereto, thereby excusing performance by 5300 Peachtree LP.

## SECOND AFFIRMATIVE DEFENSE

30. This Defendant pleads waiver and estoppel.

## THIRD AFFIRMATIVE DEFENSE

31. This Defendant avers that any obligation purportedly owed under the Guaranty has been impaired through the actions/inactions of Wachovia Bank.

## FOURTH AFFIRMATIVE DEFENSE

32. This Defendant avers that the Plaintiff has caused its own damages, or has failed to mitigate damages.

/s/Lee R. Benton<br>
Lee R. Benton<br>
ASB: 8421-E63L

OF COUNSEL:

BENTON & CENTENO, LLP
2019 Third Avenue North
Birmingham, Alabama 35203
(205) 278-8000 Telephone
(205) 278-8008 Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading by electronic transmission or by first class mail to the following on this the 5th day of February, 2008:

D. Christopher Carson
Jason D. Woodard
Jennifer A. Harris
Burr & Forman, LLP
420 North 20th Street
Suite 3400 - Wachovia Tower
Birmingham, Alabama 35203

/s/Lee R. Benton<br>
Of Counsel