IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION, successor by merger to SouthTrust Bank**<br><br>**Plaintiff,**<br><br>v.<br><br>**5300 PEACHTREE, L.P., MILES E. HILL, JR. and FRED BENNETT,**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **CASE NO. 3:07-CV-1097-WC**<br>)<br>)<br>) |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT

**COMES NOW** Wachovia Bank, National Association, successor by merger to SouthTrust Bank ("Wachovia"), and, pursuant to Rules 12(b)(6) and 12(e) of the Federal Rules of Civil Procedure (the "Rules"), moves this Court (this "Motion") to dismiss the counterclaim filed by defendants 5300 Peachtree, L.P. ("5300 Peachtree") and Miles E. Hill, Jr. ("Hill," and together with 5300 Peachtree, the "Counterclaimants") against Wachovia in the above-captioned civil action, or, in the alternative, to require the Defendants to make a more definite statement with regard to the claims asserted against Wachovia. In support of this Motion, Wachovia relies on the record before this Court and states as follows:

## BACKGROUND

1.      On December 18, 2007 Wachovia filed a complaint (the "Complaint") against 5300 Peachtree, Hill and Fred Bennett ("Bennett") in the United Stated District Court for the Middle District of Alabama, commencing the above-captioned civil action (this "Case").  This Court has original jurisdiction of the Case pursuant to 28 U.S.C. § 1332.

2.      In the Complaint, Wachovia asserts claims against 5300 Peachtree for breach of promissory note and against Hill and Bennett for breach of guaranties, relating to a loan made by Wachovia to 5300 Peachtree.

3.      Both Counterclaimants were served with the Complaint on January 2, 2008.

4.      On February 11, 2008, 5300 Peachtree and Hill filed their answer to the Complaint which includes a counterclaim (the "Counterclaim") against Wachovia.

5.      The Counterclaim consists of one count entitled "LENDER LIABILITY" and seeks damages in excess of $5,000,000.00.  The claims asserted within the single count of the Counterclaim include breach of fiduciary duty, breach of duty to ensure that the subject construction project (the "Project") was completed in a timely and cost-efficient manner, and breach of the duty of good faith and fair dealing.

6. As set forth in greater detail below, Counterclaimants 5300 Peachtree and Hill have failed to allege facts which, if proven, would entitle the Counterclaimants to relief against Wachovia.

7. "[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal." *Dalrymple v. Reno*, 334 F. 3d 991, 996 (11th Cir. 2003) (quoting *Marsh v. Butler County*, 268 F. 3d 1014, 1036 n. 16 (11th Cir. 2001)).

8. Accordingly, the Counterclaim is due to be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).[1]

---

[1] In making a 12(b)(6) determination, the court may consider the text of any and all documents "referenced in, or central to, the allegations of the complaint." *Bickley v. Caremark RX, Inc.*, 361 F. Supp. 2d 1317, 1323 (N.D. Ala. 2004). If a plaintiff refers to documents in the complaint and those documents are "central to the plaintiff's claim, then the court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal." *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F. 3d 1364, 1369 (11th Cir. 1997). The defendant may attach any such documents to the motion to dismiss, and such attachment will not convert the motion into a motion for summary judgment. *Id. See also Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F. 2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."); *Assoc. Builders, Inc. v. Alabama Power Co.*, 505 F. 2d 97, 100 (5th Cir. 1974) (stating that a writing controls where allegations in the complaint are based upon a writing and the writing contradicts the allegations). The Counterclaim references an "agreement with Bank pursuant to which Bank agreed to provide financing for the construction of a project." *See* Counterclaim, 3. The loan agreement referenced in the Counterclaim (the "Loan Agreement") is central to the allegations of the Counterclaim. As such, this Court may consider the text of the Loan Agreement in ruling on this Motion. A true and correct copy of the Loan Agreement is attached hereto as Exhibit A and incorporated herein by reference.

# ARGUMENT

9. In the Counterclaim, 5300 Peachtree and Hill allege in the most conclusory fashion imaginable that Wachovia assumed a fiduciary relationship toward the Counterclaimants and that, through its actions, Wachovia breached its fiduciary duties to the Counterclaimants. To support the argument that Wachovia owes fiduciary duties to the Counterclaimants, Hill and 5300 Peachtree broadly allege that Wachovia "assumed control" of the subject project by requiring that 5300 Peachtree change its internal control arrangements, resulting in control of the project by a person without the requisite knowledge and experience, and that Wachovia required 5300 Peachtree to retain and pay for inspectors. The Counterclaim is not supported by specific factual averments, regarding the alleged changes of people involved.

10. Under Georgia law in order for Wachovia to stand in a fiduciary relationship to its borrower "special circumstances" must exist. *See Curtis v. First Nat. Bank of Commerce*, 280 S.E.2d 404 (Ga. 1981) ("In the absence of special circumstances, there is no fiduciary relationship between a bank and its borrowers."); *see also Pardue v. Bankers First Federal Sav. & Loan Ass'n,* 334 S.E.2d 926, 927 (Ga. App. 1985) (explaining that generally there is "no confidential relationship between lender and borrower or mortgagee and mortgagor for they are creditor and debtor with clearly opposite interests"). Courts have

rejected that a fiduciary relationship is created where lenders have given advice to borrowers. *See C & S Nat. Bank, etc. v. Arnold,* 240 S.E.2d 3, 4 (Ga. 1977) ("There is no confidential relationship between a bank and its customers merely because the customer had advised with, relied upon, and trusted the bankers in the past."); *see also First American Bank v. Bishop*, 239 Ga. 809, 239 S.E.2d 19 (1977); *Russell Corp. v. BancBoston Financial Co.*, 434 S.E.2d 716 (Ga. 1993). Further, "[t]he mere fact that one reposes trust and confidence in another does not create a confidential relationship. 'In the majority of business dealings, opposite parties have trust and confidence in each other's integrity, but there is no confidential relationship by this alone.'" *Moore v. Bank of Fitzgerald*, 483 S.E.2d 135, 139 (Ga. App. 1997) (quoting *Dover v. Burns*, 196 S.E. 785 (Ga. 1938); Lewis v. Alderman, 162 S.E.2d 440 (Ga. App. 1968)).

  11. Counterclaimants have been unable to plead facts sufficient to establish the existence of special circumstances. Therefore, 5300 Peachtree and Hill cannot maintain an action for breach of fiduciary duty against Wachovia.

  12. The Counterclaimants also claim that Wachovia has "assumed toward the Counterclaimants a duty to ensure that the Project was completed in an efficient and cost-effective manner" *See* Counterclaim ¶ 13. In support of this claim, the Counterclaimants allege that 5300 Peachtree was required to retain and pay for certain inspectors and that the inspectors were to ensure that the subject

project was completed in a timely and cost effective manner. *See* Counterclaim ¶ 7.

13. Counterclaimants are not able to plead that Wachovia ensured that the Project would be completed in an timely and cost-effective manner. In fact, the Loan Agreement expressly provides that "Lender has not undertaken and exclaims any duty or responsibility to inspect the construction progress or to monitor the proper application by General Contractor or others of funds pursuant hereto on behalf of Borrower, and Borrower acknowledges and agrees that it must satisfy itself as to the status of construction, the workmanship and materials used therein, and the application of moneys by General Contractor or others." *See* Exhibit A, ¶ 2.7.

14. Therefore, Counterclaimants cannot maintain a claim against Wachovia for failure to ensure that the subject construction project was completed in an efficient and cost-effective matter.

15. Finally, the Counterclaimants assert that Wachovia is liable for breach of the duty of good faith and fair dealing.

16. Under the laws of the state of Georgia "there is no independent cause of action for violation of the covenant [of good faith and fair dealing] apart from breach of an express term of the contract." *Morrell v. Wellstar Health System, Inc.*, 633 S.E.2d 68, 72 (Ga. App. 2006) (citing *Stuart Enterprises Intl. v. Peykan, Inc.*,

555 S.E.2d 881 (2001)). The Eleventh Circuit, in interpreting Georgia law, explained this concept when it stated "the 'covenant' [to perform in good faith] is not an independent contract term. It is a doctrine that modifies the meaning of all explicit terms in a contract, preventing a breach of those explicit terms de facto when performance is maintained de jure." *Alan's of Atlanta, Inc. v. Minolta Corp.*, 903 F.2d 1414, 1429 (11th Cir. 1990).

17.   The Counterclaimants do not assert any claim for breach of the Loan Agreement or other loan documents in their Counterclaim, nor do they allege any facts that would suggest that Wachovia has breached any written contract terms. Significantly, the Loan Agreement provides that no loan document can be altered, modified, amended, waived, extended, changed, discharged or terminated orally, but only by an agreement in writing signed by the party against whom enforcement is sought. *See* Exhibit A, ¶ 9.7.

18.   Therefore, Wachovia cannot be adjudged liable for breach of the duty of good faith and fair dealing based on the facts alleged in the Counterclaim.

## **CONCLUSION**

WHEREFORE Wachovia requests that this Court enter an order dismissing, with prejudice, the Counterclaim against Wachovia in its entirety. Alternatively, Wachovia requests that this Court enter an order directing the Plaintiffs to make a more definite statements with respect to the Counterclaim.

/s/ Jason D. Woodard
D. Christopher Carson
Jason D. Woodard
Jennifer A. Harris

Attorneys for Plaintiff
WACHOVIA BANK, NATIONAL
ASSOCIATION

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 3rd day of March, 2008:

William Joseph Sheppard
Morris, Manning & Martin, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
404-233-7000
Fax: 404-365-9532
Email: bsheppard@mmmlaw.com

Lee R. Benton
Benton & Centeno, LLP
2019 Third Avenue North
Birmingham, AL 35203
205-278-8000
Fax: 205-278-8008
Email: lbenton@bcattys.com

                                         /s/ Jason D. Woodard
                                         OF COUNSEL