IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION, successor by merger to SouthTrust Bank** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | ) CASE NO. 3:07-CV-1097-MHT<br>) |
| **5300 PEACHTREE, L.P., MILES E. HILL, JR. and FRED BENNETT,** | )<br>)<br>)<br>) |
| **Defendants.** | )<br>) |

**WACHOVIA BANK, NATIONAL ASSOCIATION'S ANSWER TO THE COUNTERCLAIM OF 5300 PEACHTREE, L.P., AND MILES E. HILL, JR.**

**COMES NOW** Wachovia Bank, National Association, in its capacity as successor by merger to SouthTrust Bank ("Wachovia"), and hereby answers the counterclaim (the "Counterclaim") of 5300 Peachtree, L.P. ("5300 Peachtree") and Miles E. Hill, Jr. ("Hill," and together with 5300 Peachtree, the "Defendants"), as follows:

**FIRST DEFENSE**

For its first defense, Wachovia responds to each of the numbered paragraphs of the Counterclaim as follows:

1.	The allegations of paragraph 1 of the Counterclaim call for a legal conclusion; therefore, no response is required.

2.	The allegations of paragraph 2 of the Counterclaim call for a legal conclusion; therefore, no response is required.

3.	Wachovia admits the allegations of paragraph 3 of the Counterclaim.

4.	Wachovia denies the allegations of paragraph 4 of the Counterclaim and demands strict proof thereof.

5.	Wachovia denies the allegations of paragraph 5 of the Counterclaim and demands strict proof thereof.

6.	Wachovia denies the allegations of paragraph 6 of the Counterclaim and demands strict proof thereof.

7.	Wachovia admits that persons were retained to inspect and review the subject property pursuant to the terms of that certain Loan Agreement dated as of September 30, 2003 executed by and between Wachovia and 5300 Peachtree, as amended from time to time and most recently amended by that certain Third Modification to Loan Agreement dated as of March 21, 2007 (as amended, the "Loan Agreement").  Wachovia further admits that 5300 Peachtree was to pay all costs and expenses incurred by said inspectors pursuant to the terms of the Loan Agreement.  Wachovia denies the remaining allegations of paragraph 7 of the Counterclaim and demands strict proof thereof.

8. Wachovia denies the allegations of paragraph 8 of the Counterclaim and demands strict proof thereof.

9. Wachovia denies the allegations of paragraph 9 of the Counterclaim and demands strict proof thereof.

10. Wachovia denies the allegations of paragraph 10 of the Counterclaim and demands strict proof thereof.

11. Wachovia reasserts and adopts by reference all previous responses contained hereinabove as if fully set out herein.

12. Wachovia denies the allegations of paragraph 12 of the Counterclaim and demands strict proof thereof.

13. Wachovia denies the allegations of paragraph 13 of the Counterclaim and demands strict proof thereof.

14. Wachovia responds to the allegations of paragraph 14 of the Counterclaim by stating that the contracts between the parties speak for themselves. To the extent the allegations of paragraph 14 call for a legal conclusion, no response is required. Nonetheless, to the extent the averments are intended to allege any wrongdoing by or liability of Wachovia, Wachovia expressly denies same and demands strict proof thereof. Wachovia also denies that there exists an independent cause of action for violation of the covenant of good faith and fair dealing apart from breach of an express term of the contract.

15. Wachovia denies the allegations of paragraph 15 of the Counterclaim and demands strict proof thereof.

16. Wachovia denies the allegations of paragraph 16 of the Counterclaim and demands strict proof thereof.

17. Wachovia denies the allegations of paragraph 17 of the Counterclaim and demands strict proof thereof.

18. Wachovia denies the allegations of paragraph 18 of the Counterclaim and demands strict proof thereof.

Wachovia denies the averments of the unnumbered paragraph beginning with "WHEREFORE" and demands strict proof thereof. Wachovia specifically denies that the Defendants are entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

## SECOND DEFENSE

To the extent that any of the allegations in the Counterclaim have not been expressly admitted or denied, they are hereby denied.

## THIRD DEFENSE

The Counterclaim fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

The Defendants' claims, in whole or in part, are barred by virtue of the doctrines of recoupment and/or setoff.

## FIFTH DEFENSE

The Defendants' claims are barred, in whole or in part, by their failure to adhere to and perform contractual conditions.

## SIXTH DEFENSE

The Defendants' claims are barred by the doctrine of unclean hands.

## SEVENTH DEFENSE

The Defendants' claims are barred by applicable statutes of limitations and/or the doctrine of laches.

## EIGHT DEFENSE

The Defendants' claims for damages must fail to the extent that they have failed to mitigate any damages they may have suffered.

## NINTH DEFENSE

The Defendants' claims are barred, in whole or in part, by the economic loss rule and the independent tort doctrine, and any duties allegedly owed the Defendants by Wachovia are purely contractual and defined by the terms and conditions of the contracts between the parties.

## TENTH DEFENSE

The claims asserted in the Counterclaim are barred, in whole or in part, by the doctrines of res judicata, estoppel, waiver, release, acquiescence, consent and justification.

## ELEVENTH DEFENSE

The Loan Agreement expressly provides that Wachovia has not undertaken and exclaims any duty or responsibility to inspect the construction progress or to monitor the proper application by the general contractor or others of funds pursuant to the Loan Agreement on behalf of 5300 Peachtree, and 5300 Peachtree acknowledges and agrees that it must satisfy itself as to the status of construction, the workmanship and materials used therein, and the application of moneys by the general contractor or others.

## ELEVENTH DEFENSE

Wachovia owes no fiduciary duties to the Defendants.

## TWELFTH DEFENSE

There is no independent cause of action for violation of the covenant of good faith and fair dealing apart from breach of an express term of the contract.

## THIRTEENTH DEFENSE

Wachovia reserves the right to amend its Answer to the Counterclaim pending discovery.

/s/ Jennifer A. Harris
D. Christopher Carson (CAR099)
Jason D. Woodard (WOO095)
Jennifer A. Harris (HAR273)

Counsel for Wachovia Bank, N.A.

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400 - Wachovia Tower
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## **CERTIFICATE OF SERVICE**

 I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 31st day of March, 2008:

William Joseph Sheppard
Morris, Manning & Martin, LLP
Counsel for Cabana West, LP and
Miles E. Hill, Jr.
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, GA 30326
bsheppard@mmmlaw.com

Lee R. Benton
Benton & Centeno, LLP
Counsel for Rudolph H. Beaver
2019 Third Avenue North
Birmingham, AL 35203
lbenton@bcattys.com


        /s/ Jennifer A. Harris
        OF COUNSEL