IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION, successor by merger to South Trust Bank** | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | )<br>)<br>) Case No. 3:07-cv-1097-WC |
| **5300 PEACHTREE, L.P., MILES E. HILL, JR. AND FRED BENNETT,** | )<br>)<br>) |
| **Defendants.** | )<br>)<br>) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on April 7, 2008, and was attended by Jennifer A. Harris for plaintiff Wachovia Bank, National Association, by William J. Sheppard for defendant 5300 Peachtree, L.P., and defendant Miles E. Hill, Jr., and by Lee Benton for defendant Fred Bennett.

1.  **Pre-Discovery Disclosures.**  The parties will exchange, on or before **April 21, 2008**, the information required by Rule 26(a)(1).

2.  **Discovery Plan.**  The parties jointly propose to the court the following discovery plan:

Discovery will be needed with respect to plaintiff's claims, plaintiff's alleged damages, defendants' defenses, defendants' alleged liability, defendants' counterclaims, defendants' alleged damages, plaintiff's defenses, and plaintiff's alleged liability.

1654494 v1

Disclosure of or discovery of electronically stored information will be handled as follows: The parties will take reasonable measures to preserve relevant electronic information. Information will be preserved in accordance with the parties' respective document retention plans. Any electronic information produced will be produced in hard copy, unless otherwise agreed by the parties or ordered by the Court.

The parties have agreed to an order regarding claims of privilege or of protection as trial-preparation material asserted after production as follows: Disclosure of information protected by the attorney-client and/or work product privilege shall not constitute a waiver of an otherwise valid claim of privilege. A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy.

All discovery will be commenced in time to be completed by **December 31, 2008.**

A maximum of **60** interrogatories by each side to the other side. Responses due 30 days after service.

A maximum of **40** requests for admission by each side to the other side. Responses due 30 days after service.

A maximum of **60** requests for production by each side to the other side. Responses due 30 days after service.

Maximum of **5** depositions by each side exclusive of expert depositions. Each deposition is limited to a maximum of **7** hours, not including breaks, unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due: from plaintiff by **October 31, 2008**, and from any defendant by **November 28, 2008**. All expert depositions are to be conducted within thirty (30) days of the of the applicable expert report deadline.

Supplementation under Rule 26(e) due thirty (30) days after party discovers need to supplement and no later than thirty (30) days prior to discovery cutoff.

3. **Other Items.**

The parties do not specifically request a conference with the court before entry of the scheduling order.

The parties do request a pretrial conference in March of 2009.

Plaintiff should be allowed until **June 30, 2008**, to join additional parties or to amend the pleadings.

Defendant should be allowed until **July 31, 2008**, to join additional parties or to amend the pleadings.

All potentially dispositive motions should be filed not later than 30 days after the close of discovery.

Settlement and participation in an Alternative Dispute Resolution Plan likely cannot be evaluated until completion of some discovery.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due thirty (30) days before trial.  Parties should have fifteen (15) days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

The case should be ready for trial on **May 29, 2009**, and at this time is expected to take approximately **2** to **3** days.

| | |
|---|---|
| /s/ Jennifer A. Harris_____ <br> D. Christopher Carson <br> Jason D. Woodard <br> Jennifer A. Harris <br> Burr & Forman LLP <br> 420 North 20th Street <br> Suite 3400 - Wachovia Tower <br> Birmingham, Alabama  35203 <br> Telephone: (205) 251 3000 <br> Facsimile: (205) 458-5100 <br> Attorneys for Wachovia Bank National Association | /s/ William Joseph Sheppard _____ <br> William Joseph Sheppard <br> Morris, Manning & Martin, LLP <br> 1600 Atlanta Financial Center <br> 3343 Peachtree Road, N.E. <br> Atlanta, GA 30326 <br> Telephone:  404-233-7000 <br> Facsimile: 404-365-9532 <br> Attorney for 5300 Peachtree, L.P. and Miles E. Hill, Jr. |
| /s/ Lee R. Benton_____ <br> Lee R. Benton <br> Benton & Centeno, LLP <br> 2019 Third Avenue North <br> Birmingham, AL 35203 <br> Telephone: 205-278-8000 <br> Facsimile: 205-278-8008 <br> Attorney for Fred Bennett | |